UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASSANDRA E. GRANT,

        Plaintiff,

                              Case No. 11-14895
                              Honorable Nancy G. Edmunds
      v.                         Magistrate Judge David R. Grand

CLARICE STOVALL, *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT
## IN PART THE PHS DEFENDANTS' MOTION TO DISMISS [51]

Before the court is a Motion to Dismiss Portions of the Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendants Prison Health Services, Mohammad Azimi, Adam Edelman, Richard Kosierowski, and Harriet Squier (collectively the "PHS Defendants") on January 22, 2013. (Doc. #51). The PHS Defendants seek the dismissal, with prejudice, of Counts II (*Monell* claim) and IV (intentional infliction of emotional distress claim) of Plaintiff Cassandra Grant's ("Plaintiff") Amended Complaint (Doc. #41). Plaintiff filed a response to this motion on February 12, 2013 (Doc. #59), and the PHS Defendants filed a reply on February 14, 2013 (Doc. #60). A hearing was held on this motion on March 11, 2013.

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the PHS Defendants' Motion to Dismiss Portions of the Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [51] be **GRANTED IN PART**; Counts II and IV should be dismissed without prejudice.

## II. REPORT

### A. Count II – "Constitutional Violations – PHS Defendants"

In their motion, the PHS Defendants seek dismissal of Count II of Plaintiff's Amended Complaint, entitled "Constitutional Violations – PHS Defendants," which essentially asserts a claim against Defendant PHS pursuant to *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978). The PHS Defendants argue that Plaintiff failed to identify a sufficiently specific actionable "policy" as required by the applicable case law. (Doc. #51 at 16). In her response, Plaintiff argues that, prior to taking discovery in this case, it is difficult for her to specifically identify the unconstitutional policy that caused her alleged injury because PHS is a private entity not subject to the Freedom of Information Act's disclosure requirements. (Doc. #59 at 15-16). In reply, the PHS Defendants argued that, "Absent knowledge of specific facts demonstrating a pattern of unconstitutional conduct, the proper thing to do would be for a plaintiff to omit the entity from the original complaint and then seek leave to amend in the event that discovery reveals the specific facts necessary to allege a *Monell* claim." (Doc. #60 at 2).

At the March 11, 2013 hearing before this court, Plaintiff agreed with the PHS Defendants' suggested approach, and stipulated to the dismissal, without prejudice, of Count II of her Amended Complaint. If, prior to the deadline for amending the pleadings (June 14, 2013), Plaintiff can identify a specific policy, practice, or custom that forms the basis for a *Monell* claim against PHS, she may seek leave to amend her complaint to re-plead such a cause of action.

### B. Count IV – Intentional Infliction of Emotional Distress

The PHS Defendants' motion also seeks to dismiss Count IV of Plaintiff's Amended Complaint, which alleges intentional infliction of emotional distress. As noted at the March 11, 2013 hearing, however, the District Court had already entered an Order of Dismissal as to

2

Plaintiff's State Law Claims, dismissing without prejudice Plaintiff's gross negligence and intentional infliction of emotional distress claims pursuant to 28 U.S.C. §1367(c). (Doc. #10) ("Since the parties to this matter are nondiverse, this Court declines to exercise supplemental jurisdiction over the [state law] claims … all of Plaintiff's claims based on state law … are hereby DISMISSED WITHOUT PREJUDICE"). When reminded that the District Court had previously dismissed Plaintiff's intentional infliction of emotional distress claim without prejudice, Plaintiff agreed that it was error to include that same count in her Amended Complaint, and she agreed to the dismissal without prejudice of this claim.

### C.     Conclusion

For the foregoing reasons, it is **RECOMMENDED** that the PHS Defendants' Motion to Dismiss (Doc. #51) be **GRANTED IN PART** and that Counts II and IV of Plaintiff's Amended Complaint (Doc. #41) be **DISMISSED WITHOUT PREJUDICE**.

Dated: March 11, 2013                                   s/David R. Grand
Ann Arbor, Michigan                                     DAVID R. GRAND
                                                        United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not

preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 11, 2013.

                                                  s/Felicia M. Moses
                                                  FELICIA M. MOSES
                                                  Case Manager